## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| BRITTANY DEAN, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | Case No. |
| CALVIN HAYDEN, in his official ) | |
| capacity as the Johnson County, Kansas Sheriff, ) | |
| ) | |
| and ) | |
| ) | |
| JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE, ) | |
| ) | |
| and ) | |
| ) | |
| CITY OF OLATHE, KANSAS, a municipal corporation, ) | |
| ) | |
| and ) | |
| ) | |
| MIKE BUTAUD, in his official ) | |
| capacity as the Chief of Police for the Olathe ) | |
| Police Department, ) | |
| ) | |
| and ) | |
| ) | |
| CHRIS TAGNAZIAN, individually, and in his official ) | |
| capacity as a police officer for the City of Olathe ) | |
| ) | |
| and ) | |
| ) | |
| JEREMY GILMORE, individually, and in his official ) | |
| capacity as a police officer for the City of Olathe ) | |
| ) | |
| and ) | |
| ) | |

1

COURTNEY TOTTE-BOYD, individually, and in her )
Official capacity as a police officer for the City of Olathe, )
                                           )
      and )
                                             )

John "Sargent" Doe, individually, and in his )
Official capacity as a police officer for the City of Olathe, )
                                             )
      and )
                                             )

JOHN DOES 2-10, individually and in their official )
capacity as employees for the Johnson County )
Sheriff's Office, )
                                             )
      and )
                                             )

JANE DOES 1-10, individually and in their official )
capacity as employees for the Johnson County )
Sheriff's Office. )
                    Defendants. )
                                             )

## PETITION FOR DAMAGES

COMES NOW Plaintiff, Brittany Dean, by and through attorneys of record, and for this Petition for Damages states and alleges as follows.

1. Plaintiff is a natural person over the age of 18 years and is a resident of Olathe, Kansas.

2. Defendant Sheriff Calvin Hayden is and was, at all times pertinent hereto, a resident of the State of Kansas.

3. Defendant Calvin Hayden is jointly and severally responsible for the custody of inmates in the Johnson County Jail.

2

4.  Defendant Calvin Hayden is severally and jointly responsible for the training of all employees at the Johnson County Jail and of their departments pertaining to the custody and treatment of inmates in Johnson County.

5.  Defendant Mike Butaud, is and was, at all times pertinent hereto, a resident of the State of Kansas.

6.  Defendant Mike Butaud is jointly and severally responsible for the treatment of suspects taken into custody by police officer employees working for the City of Olathe.

7.  Defendant Mike Butaud is severally and jointly responsible for the training of all police officer employees working for the City of Olathe

8.  Defendant, Jeremy Gilmore was an employee of the City of Olathe, as a police officer, at all times pertinent hereto.

9.  Defendant Jeremy Gilmore, is and was, at all times pertinent hereto, a resident of the State of Kansas.

10. Defendant Jeremy Gilmore is jointly and severally responsible for the treatment of suspects in his custody.

11. Defendant, Chris Tagnazian, was an employee of the City of Olathe, as a police officer, at all times pertinent hereto.

12. Defendant Chris Tagnazian, is and was, at all times pertinent hereto, a resident of the State of Kansas.

13. Defendant Chris Tagnazian is jointly and severally responsible for the treatment of suspects in his custody.

3

14. Defendant, Courtney Totte-Boyd, was an employee of the City of Olathe, as a police officer, at all times pertinent hereto.

15. Defendant Courtney Totte-Boyd, is and was, at all times pertinent hereto, a resident of the State of Kansas.

16. Defendant Courtney Totte-Boyd is jointly and severally responsible for the treatment of suspects in his custody.

17. The City of Olathe, Kansas, is a municipality and a resident of the State of Kansas, and which, among other things, is responsible for the referral of its inmates into the custody of Johnson County, Johnson County Sheriff's Office, run by Defendant Calvin Hayden.

18. Defendants John "Sarge" Doe, John Does 2-10, inclusive, and Jane Does 1-10 inclusive, are as-yet unidentified entities, agencies, or individuals responsible for some or all of the following:

    a.    The detention and custody of Plaintiff pursuant to her arrest made on February 1, 2020.

    b.    The detention and custody of Plaintiff pursuant to her arrest made on February 27, 2020.

    c.    hiring, training and supervision of employees responsible for the detention and custody of Plaintiff at all pertinent times herein.

    d.    establishment and/or implementation of appropriate policy, procedure, custom and practice pertaining to the detention and custody of Plaintiff at all pertinent times herein.

4

e.     taking corrective action to remedy any violations against Plaintiff while Plaintiff was at the Johnson County Jail, inappropriate behavior against Plaintiff while Plaintiff was at the Johnson County Jail, or any constitutional violations against Plaintiff while Plaintiff was at the Johnson County Jail, by any persons or entities under Defendants' supervision.

19. At all times pertinent hereto, Defendants Calvin Hayden, Johnson County Sheriff's Office, the City of Olathe, Kansas, Mike Butaud, Chris Tagnazian, Jeremy Gilmore, and the other individual Defendants were acting under the color of state law.

20. Plaintiff has complied with all conditions precedent to filing the instant action, including the timely service of her Notice under the Kansas Tort Claim Act, K.S.A. § 75-6102, *et seq.* and/or K.S.A. § 12-105b(d), *et seq*.

21. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) and supplemental jurisdiction under 28 U.S.C. 1367(a).

22. On February 1, 2020, Plaintiff called the Olathe Police for assistance because Israel Rodriquez was smoking marijuana around her child.

23. Defendants Jeremy Gilmore and Chris Tegnazian came to investigate the call made to the police by Plaintiff.

24. Defendant Jeremy Gilmore and Chris Tagnazian learned that indeed Israel Rodriquez had been smoking marijuana.

25. Jeremy Gilmore and Chris Tagnazian arrested Plaintiff for damaging physical copies of photographs that she printed from digital copies.

5

26. Prior to Plaintiff being arrested, both Plaintiff and Israel Rodriquez indicated to Jeremy Gilmore and Chris Tagnazian that Plaintiff had PTSD.

27. Jeremy Gilmore and Chris Tagnazian refused to provide assistance to Plaintiff or call for assistance to assist with her needs from having PTSD.

28. Jeremy Gilmore and Chris Tagnazian had a duty to provide assistance to Plaintiff or call for assistance to assist with her needs from having PTSD.

29. Jeremy Gilmore and Chris Tagnazian failure to provide assistance to Plaintiff for her PTSD during the investigation or arrest of Plaintiff offends contemporary standards of human decency.

30. Jeremy Gilmore and Chris Tagnazian's failure to provide assistance to Plaintiff for her PTSD during the investigation or arrest of Plaintiff was a deliberate indifference to the health or safety of Plaintiff.

31. Olathe Police Department policy 632.6, paragraph three, states "Officers encountering individuals that they reasonably suspect to be mentally ill should, if possible, contact a Mental Health co-Responder or the twenty-four hour Johnson County Mental Health crisis Hotline at 913-268-0156 for suggestions or referrals.  This should be accomplished prior to transport to the police department or health care facility."

32. Jeremy Gilmore knew or reasonably suspected that Plaintiff was mentally ill.

33. Chris Tagnazian knew or reasonably suspected that Plaintiff was mentally ill.

34. Neither Jeremy Gilmore nor Chris Tagnazian contacted a Mental Health co-Responder or the twenty four hour Johnson County Health crisis hotline prior to arresting or transporting Plaintiff.

6

35. Defendant Mike Butaud failed to provide reasonable education or training to Jeremy Gilmore or Chris Tagnazian regarding compliance with Olathe Police policy 632.6.

36. Chris Tagnazian and Jeremy Gilmore violated Olathe policy 632.6 during their encounter with Plaintiff.

37. Prior to Plaintiff being transported to jail, Plaintiff informed Jeremy Gilmore that Plaintiff was a breastfeeding mother.

38. Prior to Plaintiff being transported to jail, Israel Rodriquez informed Jeremy Gilmore that Plaintiff was a breastfeeding mother.

39. Prior to Plaintiff being transported to jail, Plaintiff informed Chris Tagnazian that Plaintiff was a breastfeeding mother.

40. Prior to Plaintiff being transported to jail, Israel Rodriquez informed Chris Tagnazian that Plaintiff was a breastfeeding mother.

41. Plaintiff requested that she be allowed to breastfeed her child prior to be taken to jail.

42. Jeremy Gilmore and Chris Tagnazian refused Plaintiff's requests to be allowed to breastfeed her child.

43. Jeremy Gilmore and Chris Tagnazian refused to allow Plaintiff to breastfeed her child because her child was around 2 years old.

44. Jeremy Gilmore and Chris Tagnazian refused to allow Plaintiff to breastfeed her child because they felt that a 2 year old child didn't need to breastfeed anymore.

45. Jeremy Gilmore and Chris Tagnazian called their "Sarge" who informed them to just arrest Plaintiff without allowing her to breastfeed, because her child was 2 years old.

7

46. It was none of the Defendants' prerogatives to determine whether Plaintiff's child was too old to be breastfed.

47. It was Plaintiff's right to choose at what age she should cease breastfeeding her child.

48. Jeremy Gilmore, Chris Tagnazian, and "Sarge" had a duty to allow Plaintiff to breastfeed her child.

49. Jeremy Gilmore, Chris Tagnazian, and "Sarge's" refusal to let Plaintiff breastfeed her child before being transported to the jail offends contemporary standards of human decency.

50. Jeremy Gilmore, Chris Tagnazian, and "Sarge's" refusal to let Plaintiff breastfeed her child before being transported to the jail was a deliberate indifference to Plaintiff.

51. Jeremy Gilmore, Chris Tagnazian, and "Sarge's" refusal to let Plaintiff breastfeed her child before being transported to the jail was a deliberate indifference to Plaintiff.

52. Jeremy Gilmore and Chris Tagnazian refused to provide medical assistance to Plaintiff or call for medical assistance to address her special needs as a breastfeeding mother.

53. Jeremy Gilmore and Chris Tagnazian had a duty to either provide assistance to Plaintiff or call for assistance to address her special needs as a breastfeeding mother.

54. Plaintiff was arrested and taken to the Johnson County jail on February 1, 2020.

55. While in jail, Plaintiff was placed in an isolation cell, that was filthy, lacked clean water, and lacked clean toilet paper.

56. Numerous times Plaintiff requested clean water and clean toilet paper, but those requests were denied.

57. The policy of the Johnson County Detention Center as it relates to toilet paper, states:

"Soap, toilet paper and women's personal hygiene items will be issued upon request from the Module Officer."

58. Defendants violated this policy when they refused Plaintiff's requests for clean toilet paper.

59. On February 1, 2020, while in custody at the Johnson County jail, Plaintiff clarified on numerous occasions that she was a breastfeeding mother and that she needed to breastfeed or be provided a breast pump.

60. Instead of being provided a breast pump or any assistance, she was told by Johnson County Jail staff that she was being too loud and annoying due to her crying, so she was placed in an isolation cell.

61. The policy regarding isolation cells for the Johnson County Sheriff's Office states, "The Johnson County Detention Bureau will maintain and operate appropriate medical housing to provide housing for inmates who require an increased level of medical attention as determined by health care professionals. Isolation cells will be available for quarantine, and will be used to prevent the spread of contamination and to contain possible contamination so others are not put at risk."

62. The isolation cell was used inappropriately by Defendants to punish and torture Plaintiff for crying and expressing her needs.

63. Instead of being provided a breast pump or any assistance, she was told by Johnson County jail staff to suck it out on her own or manually discharge it out on her own.

64. Several times each day, from February 1, 2020 to February 3, 2020, Plaintiff continued to complain about her breast pain and need for a breast pump.

9

65. Plaintiff was not provided a breast pump or any medical or mental health assistance, until about an hour before she was released from jail on February 3, 2020.

66. The Johnson County Sheriff's Office policy states, "The Johnson County Detention Center will provide each inmate access to medical, dental and mental health services."

67. Defendants violated this policy when the refused to provide Plaintiff a breast pump.

68. A breast pump was a medical device needed by Plaintiff while she was in jail.

69. Defendants' refusals to provide a breast pump to Plaintiff while Plaintiff was at the jail offends contemporary standards of human decency.

70. Refusal to provide Plaintiff a breast pump while at the jail exhibited a deliberate indifference to Plaintiff.

71. **Kansas Statute Annotated 65-1,248 states: "Breastfeeding; where.** (a) Breast milk is widely acknowledged to be the most complete form of nutrition for infants, with a range of benefits for infant's health, growth, immunity and development and has also been shown to improve maternal health and bonding in addition to contributing to society at large through economic and environmental gains, it is therefore the public policy of Kansas that a mother's choice to breastfeed should be supported and encouraged to the greatest extent possible.

(b)    A mother may breastfeed in any place she has a right to be."

72. Plaintiff had a statutory right to breastfeed while at the jail, which includes pumping.

73. Defendants violated Plaintiff's right to choose to breastfeed when they refused to allow her to breastfeed her child before being transported to the jail.

74. Defendants violated Plaintiff's statutory right to breastfeed when they refused to provide a breast pump to her at the jail.

75. It is the policy of the Johnson County Government that defendants had a duty to provide Plaintiff fair and equal access to and treatment by the government.

76. As a breastfeeding woman, when Plaintiff was denied a breast pump, she was denied fair and equal access to and treatment by the government.

77. It is the policy of the Johnson County Government that Defendants had a duty to treat Plaintiff fairly and equally with courtesy and respect and should not have discriminated against her.

78. When Defendants refused to provide Plaintiff a breast pump they treated her unfairly.

79. When Defendants refused to provide Plaintiff a breast pump they failed to treat her with courtesy and respect.

80. When Defendants refused to provide Plaintiff a breast pump they discriminated against her for being a woman.

81. Plaintiff experienced damage as a result of being denied a breast pump.

82. Due to being denied a breast pump, Plaintiff developed engorged breasts and mastitis, resulting in severe breast pain, swelling, significant fever, rigors and chills.

83. Additionally, Plaintiff endured emotional distress.

84. The Health Services policy and procedure for the Johnson County Sheriff's Department as it relates to inmates states:

"Females are informed of whether they have the option to breastfeed and/or express breast milk in the postpartum period. Consultation with a health care professional

11

knowledgeable about breastfeeding will be available to support lactating women. Appropriate nutrition and prenatal vitamins will be provided to lactating women, as determined by the Healthcare Practitioner (HCP), and advice on symptom management for individuals who are not breastfeeding."

85. Defendants violated this policy when they did not inform Plaintiff of her option to breastfeed and/or express milk.

86. Defendants violated this policy when the refused to allow Plaintiff the option to breastfeed and/or express milk.

87. Defendants violated this policy when they refused to provide Plaintiff a breast pump.

88. Defendants violated this policy when they did not in a timely manner provide consultation about breastfeeding to Plaintiff to support her as a lactating woman.

89. Defendants violated this policy when they did not provide appropriate nutrition and prenatal vitamins to Plaintiff as a lactating woman.

90. On February 3, 2020, the Johnson County District Attorney's office reviewed the case and potential charges against Plaintiff.

91. After reviewing the case, the Johnson County District Attorney's Office contacted Israel Rodriquez and informed him that they did not feel like charges should be pursued, they were not going to charge Brittany Dean, and that Brittany Dean was going to be released from jail soon.

92. On February 3, 2020, the Johnson County District Attorney's office made a decision to not charge Brittany Dean.

93. On February 3, 2020 Brittany Dean was released from jail.

94. On February 10, 2020 Defendants were provided notice of Plaintiff's Notice of Tort Claim.

95. After receiving Plaintiff's Tort Claim Act Notice, Defendants immediately contacted the Johnson County District Attorney's Office to have them refile charges.

96. Due to Defendants' request, charges were then immediately filed against Brittany Dean on February 13, 2020.

## COUNT I
### 42 U.S.C. § 1983
### *Violation of Civil Rights*
(Fourteenth Amendment's Equal Protection Clause)

97. Plaintiff hereby incorporates the above averments as though fully set forth herein.

98. Defendants, Chris Hayden, Johnson County Sheriff's Office, City of Olathe, Mike Butaud, Chris Tagnazian, Jeremy Gilmore, Courtney Totte-Boyd, John "Sarge" Doe, John Does 2-10, Jane Does 1-10, jointly and severally, had a duty under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, to not discriminate against Plaintiff for being a woman.

99. Plaintiff had a right to either breastfeed or pump the milk from her breasts with a breast pump.

100.    Defendants had a duty to either allow Plaintiff to breastfeed or provide Plaintiff a breast pump.

101.    Defendants' refusal to allow Plaintiff to breast feed or pump her breasts with a breast pump exhibited a deliberate indifference toward Plaintiff.

102.    Defendants refusal to allow Plaintiff to breastfeed or use a breast pump discriminated against Plaintiff due to her sex as well as her choice to breastfeed her child.

103.    By refusing to allow Plaintiff to either breastfeed her child or pump the breast milk from her breasts with a breast pump, Defendants violated Plaintiff's rights, as more fully set forth above, in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the Constitution.

104.    Defendants' refusal caused Plaintiff physical pain and severe mental anguish.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants jointly and severally, for her actual damages as are fair and reasonable in an excess of $75,000.00, for an award of attorneys fees and costs, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II
### 42 U.S.C. § 1983
### *Violation of Civil Rights*
(Fifth and Fourteenth Amendment's Right to Due Process)

105.    Plaintiff hereby incorporates the above averments as though fully set forth herein.

106.    Defendants, Chris Hayden, Johnson County Sheriff's Office, City of Olathe, Mike Butaud, Chris Tagnazian, Jeremy Gilmore, Courtney Totte-Boyd, John "Sarge" Doe, John Does 2-10, Jane Does 1-10, jointly and severally, had a duty under 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendment to provide Plaintiff Due Process.

107.    Plaintiff had a right to either breastfeed or pump the milk from her breasts with a breast pump.

108.    Defendants had a duty to either allow Plaintiff to breastfeed or provide Plaintiff a breast pump.

14

109.     Defendants' refusal to allow Plaintiff to breast feed or pump her breasts with a breast pump exhibited a deliberate indifference toward the health, safety, or rights of Plaintiff.

110.     Defendants refusal to allow Plaintiff to breastfeed or use a breast pump caused Plaintiff to experience severe pain due to the engorging and mastitis of her breasts.

111.     Defendants denied Plaintiff due process prior to denying her the ability to breastfeed her child or use a breast pump to pump the milk from her breasts.

112.     Defendants refusal to allow Plaintiff to breastfeed or use a breast pump caused Plaintiff to experience severe pain due to the engorging and mastitis of her breasts.

113.     Defendants' refusal to allow Plaintiff to breastfeed or use a breast pump caused Plaintiff to experience pain and severe mental anguish.

114.     By refusing to allow Plaintiff to either breastfeed her child or to pump the breast milk from her breasts with a breast pump, Defendants violated Plaintiff's rights, as more fully set forth above, in violation of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendment to the Constitution.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants jointly and severally, for her actual damages as are fair and reasonable in an excess of $75,000.00, for an award of attorneys fees and costs, and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT III**
**42 U.S.C. § 1983**
*Violation of Civil Rights*
*Failure to Enact/Enforce Proper Policies*
(Fifth and Fourteenth Amendment's Due Process Clause, Equal Protection Clause of the Fourteenth Amendment)

15

115.    Plaintiff hereby incorporates the above averments as though fully set forth herein.

116.    Defendants Calvin Hayden, Mike Butaud, Johnson County Sheriff's Office, City of Olathe, jointly and severally, had a duty under 42 U.S.C. § 1983 and the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States as well as the Equal Protection Clause of the 14th Amendment, to enact and enforce official policy, custom or action in order to sufficiently protect the liberties Plaintiff, to-wit, the ability to either breast feed her child or pump milk from her breast with the use of a breast pump while she is in custody.

117.    Defendants failed to properly enact and enforce such official policy, custom or action.

118.    Defendant Hayden was the ultimate policymaking official for the Sheriff's Department in keeping inmates during the time that he violated Plaintiff's Constitutional rights.  Further, Plaintiff's constitutional rights were violated by employees acting pursuant to policy of custom of the Department in keeping inmates, in that said policy or custom was insufficient to ensure that Plaintiff was able to breast feed her child or to use a breast pump to pump breast from her milk.  Lastly, the deprivation of Plaintiff's Constitutional rights was caused by employees as a result of the deliberate indifference of the governing bodies, to-wit, the Sheriff and his department and the City of Olathe, Kansas to the training of those employees.

119.    Defendant Hayden, and the City of Olathe, Kansas promulgated, created, implemented or possessed responsibility for the continued operation of policies; said

policies caused constitutional harm to Plaintiff, and Defendants acted with the state of mind required to establish Plaintiffs' constitutional deprivations.

120.    The failure of Defendants to provide Plaintiff with either an opportunity to breast feed her child or allow Plaintiff to pump milk from her breasts with a breast pump, resulted from an official policy or custom in the form of:

a.    an informal custom created through a widespread practice that is so permanent that it constitutes a custom or usage with the force of law;

b.    decisions by employees who have final policymaking authority;

c.    failure to adequately train or supervise employees and, further, that said failure resulted from the deliberate indifference to the Plaintiff's constitutional rights and the injuries that may be caused, to-wit, injuries in the form of engorged painful breasts and denial of equal protection for women, or

d.    failure to enact and enforce a sufficient policy, custom, or action.

121.    The need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been indifferent to the need to enact for additional training.

122.    Because such official policy, custom or action, were not sufficiently enacted and enforced, Plaintiff was denied the ability to either breastfeed her child or pump the milk from her breast with a breast pump while she was in custody.

123.    Defendants' failure to enact and enforce official policy, custom or action was a violation of Plaintiff's rights, as more fully set forth above, in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the Constitution

17

as well as the Due Process Clause of the 5th and 14th Amendment to the Constitution, as well as Plaintiff's 8th Amendment right to not be subjected to cruel and unusual punishment.

124.    Plaintiff was damaged as a result of Defendants' Constitutional deprivations.

125.    Pursuant to 42 U.S.C. 1988, Plaintiff is entitled to recover an award for attorneys fees and costs in pursuing this cause of action.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants jointly and severally, for her actual damages as are fair and reasonable in an excess of $75,000.00, for an award of attorneys fees and costs, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT IV
### (Extreme and Outrageous Conduct)

126.    Plaintiff hereby incorporates the above averments as though fully set forth herein.

127.    Defendants, Chris Hayden, Johnson County Sheriff's Office, City of Olathe, Mike Butaud, Chris Tagnazian, Jeremy Gilmore, Courtney Totte-Boyd, John "Sarge" Doe, John Does 2-10, Jane Does 1-10  acted intentionally, or in reckless disregard of the plaintiff's health, safety or rights when they refused to allow Plaintiff to either breastfeed her child or provide her a breast pump to pump the breast milk from her breasts, when they instructed her to suck her breasts for relief, and moreover, when they pushed for charges to be filed against her after they received notice of the Tort Claim Act.

128.    Defendants' actions were extreme and outrageous.

129.    Defendants' conduct caused Plaintiff to experience extreme mental and emotional distress.

18

130.    Plaintiff's mental and emotional distress was extreme and severe.

131.    Plaintiff is entitled to compensatory damages as a result of their extreme and outrageous conduct and the resulting harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants jointly and severally, for her actual damages as are fair and reasonable in an excess of $75,000.00, for an award of attorneys fees and costs, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT V
### (Assault)

132.    Plaintiff hereby incorporates the above averments as though fully set forth herein.

133.    Defendants, Johnson County Sheriff's Office, Chris Tagnazian, Jeremy Gilmore, Courtney Totte-Boyd, John "Sarge" Doe, John Does 2-10, Jane Does 1-10 threatened bodily harm to Plaintiff when they refused to let he breastfeed her child or pump the milk out of her breasts with a breast pump or when they told her to suck it out of her breasts on her own.

134.    Defendants had the ability to permit Plaintiff to breastfeed her child or to pump the milk out of her breasts with a breast pump.

135.    This caused Plaintiff to experience immediate apprehension of bodily harm.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants jointly and severally, for her actual damages as are fair and reasonable in an excess of $75,000.00, for an award of attorneys fees and costs, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT VI

19

**(Battery)**

136.    Plaintiff hereby incorporates the above averments as though fully set forth herein.

137.    Defendants, Johnson County Sheriff's Office, Chris Tagnazian, Jeremy Gilmore, Courtney Totte-Boyd, John "Sarge" Doe, John Does 2-10, Jane Does 1-10 caused bodily harm to Plaintiff when they refused to let her breastfeed her child or pump the milk out of her breasts with a breast pump.

138.    The Defendants intentionally refused to allow Plaintiff to breastfeed or use a breast pump.

139.    The Defendants intended to harm Plaintiff when they refused to let her breastfeed or use a breast pump.

140.    As a result, Defendants caused Plaintiff injury, severe mental anguish, pain and suffering.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants jointly and severally, for her actual damages as are fair and reasonable in an excess of $75,000.00, for an award of attorneys fees and costs, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT VII
**(Negligence)**

141.    Plaintiff hereby incorporates the above averments as though fully set forth herein.

142.    Defendants, Johnson County Sheriff's Office, Chris Tagnazian, Jeremy Gilmore, Courtney Totte-Boyd, John "Sarge" Doe, John Does 2-10, Jane Does 1-10 had a duty to either let her breastfeed her child or provide her a breast pump to pump the milk from her breasts while she was in custody.

143.    Defendants breached that duty.

144.    This breach caused Plaintiff to experience severe pain in her breast.

145.    This breach caused Plaintiff to experienced severe mental anguish pain and suffering.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants jointly and severally, for her actual damages as are fair and reasonable in an excess of $75,000.00, for an award of attorneys fees and costs, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT VIII
### 42 U.S.C. § 1983
### *Violation of Civil Rights*
(Fifth and Fourteenth Amendment's Right to Due Process)

146.    Plaintiff hereby incorporates the above averments as though fully set forth herein.

147.    Defendants, Chris Hayden, Johnson County Sheriff's Office, City of Olathe, Mike Butaud, Chris Tagnazian, Jeremy Gilmore, Courtney Totte-Boyd, John "Sarge" Doe, John Does 2-10, Jane Does 1-10, jointly and severally, had a duty under 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendment to provide Plaintiff Due Process.

148.    Plaintiff had a right to not be placed in an isolation cell, had a right to clean water, and had a right to clean toilet paper.

149.    Defendants had a duty to provide Plaintiff clean water, provide Plaintiff clean toilet paper, and not place Plaintiff in an isolation cell.

150.    Plaintiff had a right to be treated for her PTSD.

151.    Defendants had a duty to provide treatment for Plaintiff's PTSD.

21

152.    Defendants' refusal to allow Plaintiff clean water and clean toilet paper, as well as placing Plaintiff in an isolation cell, as well as refusing to provide treatment for Plaintiff's PTSD exhibited a deliberate indifference toward the health, safety, or rights of Plaintiff.

153.    Defendants action as stated above caused Plaintiff to experience pain and severe mental anguish.

154.    By doing these things, Defendants violated Plaintiff's rights, as more fully set forth above, in violation of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendment to the Constitution.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants jointly and severally, for her actual damages as are fair and reasonable in an excess of $75,000.00, for an award of attorneys fees and costs, and for such other and further relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff, through the attorney undersigned, hereby demands a trial by jury on all issues that may be submitted to the trier of facts in this case.

**/s/ Jerry L. Wallentine, Jr.**
Jerry L. Wallentine, Jr.        KS # 22399
MARTIN & WALLENTINE, LLC
130 N. Cherry, Ste. 201
Olathe, Kansas  66061
Tel:    (913) 764-9700
Fax:    (913) 764-9701
jw@kc-attorney.com
*Attorney for Plaintiff*

22

## VERIFICATION

STATE OF Kansas    )
                      ) ss.

COUNTY OF Johnson    )

Brittany Dean, of lawful age and duly sworn upon oath states:

Affiant is the Plaintiff herein and states and verifies that Affiant is familiar with the contents of the foregoing and that the statements, allegations and other matters contained in it are true and correct.

_____
Brittany Dean

SUBSCRIBED AND SWORN to before me, a Notary Public, this 6th day of August, 2020.

_____
NOTARY PUBLIC

My Commission Expires:

05/23/2022

NOTARY PUBLIC - State of Kansas
Tyler Hinkle
My Appt. Expires 05/23/2022